1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  MARC PRICE WOLF (CABN 254495)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6488
7       FAX: (410) 436-6488
        Marc.Wolf@usdoj.gov
8
   Attorneys for United States of America
9

10               UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

13  UNITED STATES OF AMERICA,            )   CASE NO. CR 16-0513 JST
                                         )
14       v.                              )   STIPULATION AND [PROPOSED] PROTECTIVE
                                         )   ORDER REGARDING DISCOVERY MATERIALS
15  CORINTHIAN CAIN,                     )
    RASHAD CAIN,                         )
16  MITCHELL COMEAUX,                    )
    KYLE JACKSON,                        )
17  TERRELL JOSEPH,                      )
    JYLYN RICHARDSON-GREEN,              )
18  LAJON TIMMONS, and                   )
    DIONTAE VALENTINE,                   )
19                                       )
         Defendants.                     )
20  _____ )

21
            With the agreement of the parties and defendant's consent, the Court enters the following Order.
22
            The defendants are charged in an Indictment with multiple violations, including violations of:
23
    Title 18, United States Code, Section 371 – Conspiracy to Commit Offenses Against the United States;
24
    Title 18, United States Code Section 922(a)(1)(A) – Dealing Firearms Without a License; Title 18,
25
    United States Code, Section 922(g)(1) – Felon in Possession of a Firearm; Title 18, United States Code,
26
    Section 922(j) – Possession of Stolen Firearms; and Title 18, United States Code, Section 922(u) – Theft
27
    of Firearms from a Federal Firearms Licensee.
28

PROTECTIVE ORDER
CR 16-0513 JST                          1

Per the defendants' requests, the United States will produce documents and other materials pertaining to the charges in the Indictment to defense counsel, in lieu of making those materials available for review only.  Some of these materials that the government deems to be sensitive (based on witness safety concerns or other comparable concerns) will be designated and/or labeled as "PROTECTED MATERIALS."[1]  Any PROTECTED MATERIALS are deemed produced pursuant to the following restrictions:

1. Except when actively being examined for the purpose of the preparation of the defense of defendant, the PROTECTED MATERIALS shall be maintained in a locked, safe, and secure drawer, cabinet, room or safe or secure electronic device (e.g., computer, memory stick), which is accessible only to defense counsel, members of his or her law firm who are working with him or her to prepare defendant's defense, and his or her investigator(s).  Defense counsel, members of his or her law firm, defendant, and the investigator(s) shall not permit any person access of any kind to the PROTECTED MATERIALS except as set forth below.

2. The following individuals may examine the PROTECTED MATERIALS for the sole purpose of preparing the defense of defendant and for no other purpose:

   a) counsel for defendant;

   b) members of defense counsel's law office who are assisting with the preparation of defendant's defense;

   c) defendant, but only in the presence of defense counsel or another authorized person listed in this paragraph (defendant may not take or maintain the PROTECTED MATERIALS or copies thereof); and

   d) paralegals, law clerks, discovery coordinators, investigators and/or experts (including mitigation experts) retained by defendant or assigned by the Court to assist in the defense of this matter (the individuals in this

---

[1] If defense counsel disputes the government's designation of specific materials as PROTECTED MATERIALS, then, after meeting and conferring with the government, the defense counsel or the government may seek Court intervention to resolve the dispute.  Pending resolution of the dispute the disputed materials shall continue to be treated as PROTECTED MATERIALS subject to the terms of this Protective Order.

PROTECTIVE ORDER
CR 16-0513 JST        2

1    subsection (d) may obtain copies of the PROTECTED MATERIALS so
2    long as they secure them pursuant to the requirements of this Protective
3    Order).

4    If defense counsel determines that additional persons are needed to review the PROTECTED
5    MATERIALS, he or she must obtain a further order of the Court before allowing any other individual to
6    review the materials. Such a request to the Court will only occur after conferring with the government.
7    In the event the parties agree to the additional person or persons, it shall be documented in writing with
8    no need for further involvement of the Court.  If the parties cannot agree, defense counsel will make its
9    motion to the Court on sufficient notice to the government so that it may assert its objection.

10    A copy of this Order shall be maintained with the PROTECTED MATERIALS at all times.

11    3.    In addition to defendant having access to the PROTECTED MATERIALS in the
12    manner provided for in paragraph 2c above, any incarcerated defendant may have access to the
13    PROTECTED MATERIALS as follows:

14    a.    Defense counsel may load the PROTECTED MATERIALS onto a laptop
15    computer that meets the specifications outlined below (an "Approved Laptop")
16    and provide an Approved Laptop to the in-custody defendant on a date that he is
17    scheduled to be placed in a special location by the U.S. Marshals or jail staff for
18    the purpose of reviewing the PROTECTED MATERIALS on an Approved
19    Laptop.  The special location shall be an isolated room or jail cell where the
20    defendant may not have any contact with other inmates.  The defendant shall be
21    permitted to review the PROTECTED MATERIALS on an Approved Laptop for
22    his scheduled date and the Approved Laptop must be retrieved by defense counsel
23    (or designated paralegal) at the end of that day at a time specified by the jail in
24    coordination with the U.S. Marshals.  Any notes taken by the defendant during his
25    review of the PROTECTED MATERIALS on an Approved Laptop must be made
26    electronically on an Approved Laptop.  No writing instrument or paper will be
27    provided to the defendant while he is using an Approved Laptop and he is

28

1  prohibited from making any notes about the PROTECTED MATERIALS except

2  on an Approved Laptop.

3     b.  It is expected that the U.S. Marshals and the jail will coordinate a schedule

4  covering a period of 60 days (5 days a week) whereby each incarcerated

5  defendant in this case will be permitted sufficient time to review the

6  PROTECTED MATERIALS on an Approved Laptop.  It is anticipated that the

7  defense will obtain two Approved Laptops and that the U.S. Marshals and the jail

8  will be able to have two defendants reviewing the PROTECTED MATERIALS in

9  separate isolated cells using the Approved Laptops.  The 60-day period may be

10  extended by written stipulation of the parties or by order of the Court.[2]

11  The Approved Laptops shall have no internet or wireless capabilities.  The Approved Laptops must not

12  have any discs, CD-ROMs, electrical cords, or other peripheral devices attached to them or included

13  with them when they are provided to incarcerated defendants.  The Approved Laptops must comply with

14  all requirements and specifications set forth by the jail and the United States Marshals.

15     4.  All individuals other than defense counsel and defendant who receive access to

16  the PROTECTED MATERIALS, <u>prior to receiving access to the materials</u>, shall sign a copy of this

17  Order acknowledging that:

18     a)  they have reviewed the Order;

19     b)  they understand its contents;

20     c)  they agree that they will only access the PROTECTED MATERIALS for

21  the purposes of preparing a defense for defendant; and

22     d)  they understand that failure to abide by this Order may result in sanctions

23  by this Court.

24  These signed copies shall be maintained by counsel for the parties and shall be made available upon

25  request under seal to the Court.

26

27  [2]  The expectations recounted in this paragraph are based on recent accommodations made by the U.S. Marshals and the Santa Clara County Jail in a separate case.  This agreement does not bind the U.S. Marshals or any jail, but the parties will use their best efforts to reach the expected results outlined in this paragraph.

28

PROTECTIVE ORDER
CR 16-0513 JST           4

5.      No other person shall be allowed to examine the PROTECTED MATERIALS without further order of the Court.  Examination of the PROTECTED MATERIALS shall be done in a secure environment which will not expose the materials to other individuals not listed above.

6.      The PROTECTED MATERIALS may be duplicated to the extent necessary to prepare the defense of this matter.  Any duplicates will be treated as originals in accordance with this Order.

7.      If the PROTECTED MATERIALS are attached to any pleadings or other court submissions, the PROTECTED MATERIALS and any pleadings or submissions referencing those materials shall be filed or lodged under seal.

8.      Upon the request of the government, the PROTECTED MATERIALS provided to defense counsel pursuant to this order, and any copies thereof, shall be returned to the United States fourteen calendar days after any one of the following events, whichever is latest in time, occurs: dismissal of all charges against defendant; defendant's acquittal by court or jury; or the conclusion of any direct appeal.

9.      After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the United States will maintain a copy of the PROTECTED MATERIALS.  The United States will maintain the PROTECTED MATERIALS until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired.  After the statutory time period for filing such a motion has expired, the United States may destroy the PROTECTED MATERIALS.  In the event defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide that counsel with a copy of the PROTECTED MATERIALS under the same restrictions as trial and direct appeal defense counsel.  Defendant's attorney in any action under 28 U.S.C. § 2255 shall return the same materials fourteen calendar days after the district court's ruling on the motion or fourteen

//

//

//

//

//

PROTECTIVE ORDER
CR 16-0513 JST                                    5

1   calendar days after the conclusion of any direct appeal of the district court's denial of the motion,

2   whichever is later.

3                                          BRIAN J. STRETCH
                                           United States Attorney
4

5   Dated:  March 2, 2017                  _____/s/_____

6                                          Marc Price Wolf
                                           Assistant United States Attorney
7

8   Dated: March 2, 2017                   _____/s/_____

9                                          Brian P. Berson
                                           Counsel for defendant Corinthian Cain
10

11  Dated:  March 2, 2017                  _____/s/_____

12                                         Miranda Kane
                                           Counsel for defendant Rashad Cain
13

14  Dated:  March 2, 2017                  _____/s/_____

15                                         Deborah Levine
                                           Counsel for defendant Mitchell Comeaux
16

17  Dated:  March 2, 2017                  _____/s/_____

18                                         Tony Tamburello
                                           Counsel for defendant Kyle Jackson
19

20  Dated:  March 2, 2017                  _____/s/_____

21                                         Adam Pennella
                                           Counsel for defendant Terrell Joseph
22

23  Dated:  March 2,  2017                 _____/s/_____

24                                         Laurel Headly
                                           Counsel for defendant Jylyn Richardson-Green
25  Dated:  March 2, 2017                  _____/s/_____

26                                         Linda Fullerton
                                           Counsel for defendant Lajon Timmons
27

28  //
    //

PROTECTIVE ORDER
CR 16-0513 JST                             6

Dated:  March 2, 2017

_____/s/_____
Juliana Drous
Counsel for defendant Diontae Valentine


        IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set

forth above.


DATED: March 3, 2017

_____
HONORABLE JON S. TIGAR
United States District Judge