UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CORINTHIAN CAIN,<br>Defendant. | Case No. 16-cr-00513-JST-1 (BZ)<br><br>**DETENTION ORDER** |

This matter came before the Court on July 25, 2019 for a detention hearing on the United States' motion. The matter arises out of the filing of a petition alleging probable cause to believe that defendant has violated the conditions of supervised release. Defendant Corinthian Cain was present and represented by Brian Berson. Assistant United States Attorney Stephen Meyer appeared for the United States of America. U.S. Probation was represented by Probation Officer Morgan Calhoun, who opposed release.

Because the defendant is charged with a violation of supervised release, the burden of establishing that he is not a flight risk or a danger to the community rests with the defendant. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. 3143. Having considered everything before me in this matter, I find that defendant has not established by clear and convincing evidence that he is not a risk of flight. I therefore ORDERED him detained. In so finding, I have considered the following as well as other matters I stated at the hearing:

Neither the government nor his probation officer considers him a danger to the community.

However, Defendant has failed to persuade me by clear and convincing evidence that he will make his appearances.

The petition to revoke his supervised release chronicles a long history of defendant's inability to comply with the terms and conditions of his supervised release. Apart from a long history of drug use, his probation officer noted numerous instances of his failures to abide by her instructions and his failures to attend meetings and appointments, including those intended to address some of his drug and mental health issues.

Defendant did not deny much of this proffered evidence. He contended that many of his problems were caused by a combination of his drug use and mental health issues. He pointed out that he had made court appearances in the underlying case while on release, and that he had appeared in court yesterday morning in response to a summons. The probation officer stated that she had sought the summons before his latest acts of noncompliance; had she known of them at the time she would have asked for an arrest warrant. She was emphatic that he needed to be remanded to custody because he is not amenable to supervision.

Having reviewed the petition and heard the proffers and arguments from both sides as well as from the probation officer, I conclude that the defendant's conduct is indicative of a person who essentially wants to do what he wants to do when he wants to do it. Therefore, I am not persuaded that he can simply be released. I think he needs some sort of structure to assure that he will appear as required. The government and his probation officer are willing to consider a halfway house placement but none is currently available. I inquired whether there might be a custodial situation with a relative that could adequately assure of the court that he will make his appearances and cooperate with supervision, but defendant was not prepared to offer anything other than counsel's assurances. There was some discussion of his living with his mother in Sacramento. That presents a number of issues since it is outside this district. Initially, probation would have to satisfy itself that the mother's home is suitable. Significantly, the probation officer stated that she had talked with the mother who is willing to have him live with her but noted that she cannot control his behavior.

For these reasons, and others stated at the hearing, I ordered that defendant be remanded into

custody pending the revocation hearing presently scheduled before Judge Tigar on September 27, 2019. I also scheduled a status conference next Monday, 7/29/2019, at 10:30 a.m., before Judge Westmore in the event a halfway house opened up.

**IT IS SO ORDERED.**

Dated: July 26, 2019

_____
BERNARD ZIMMERMAN
United States Magistrate Judge